Lora M. MULLINS, in her individual capacity and as surviving spouse of John Mullins, deceased, Plaintiff–Appellant,

v.

Randolph M. KESSLER, M.D., Defendant–Appellee.

No. 02CA2564.

Colorado Court of Appeals, Div. V.

Dec. 18, 2003.

Law Offices of Robert M. Fitzgerald, Robert M. Fitzgerald, Northglenn, Colorado; Benjamin Silva, III & Associates, P.C., Benjamin Silva, III, Lakewood, Colorado, for Plaintiff–Appellant.

Pryor Johnson Montoya Carney & Karr, P.C., Bruce A. Montoya, Scott S. Nixon, Elizabeth C. Moran, Greenwood Village, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

In this medical negligence action, plaintiff, Lora M. Mullins, appeals the trial court's order awarding costs in favor of defendant, Randolph M. Kessler, M.D. We affirm.

Plaintiff alleged that defendant's negligent care of her husband during surgery caused his death. A jury found in defendant's favor.

Defendant filed a bill of costs under § 13–16–105, C.R.S.2003, seeking recovery of $33,355.06 paid by his liability insurer. The trial court awarded all of the costs requested, and this appeal followed.

## I.

Plaintiff contends the award is erroneous because defendant's liability insurer paid the costs and, therefore, defendant is not the real party in interest. We disagree.

Every action must be prosecuted in the name of the real party in interest. C.R.C.P. 17(a). A real party in interest is that party who, by virtue of substantive law, has the right to invoke the court's aid to vindicate the legal interest in question. *Goodwin v. Dist. Court,* 779 P.2d 837 (Colo. 1989).

Here, defendant, as the named party in this action and the party on whose behalf costs were incurred, has the substantive right to receive reimbursement for such costs. The arrangement between defendant and his liability insurer for the disbursement and repayment of those costs is of no consequence. *See City of Wheat Ridge v. Cerveny,* 913 P.2d 1110 (Colo.1996)(a party need not be obligated to pay attorney fees to be entitled to such an award as authorized by statute); *Hale v. Erickson,* 23 P.3d 1255 (Colo.App.2001)(defendant does not have to pay or be liable for costs to recover them under the offer of settlement statute); *Little v. Fellman,* 837 P.2d 197 (Colo.App.1991) (defendant has the right to seek attorney fees as the real party in interest even though

his insurance company paid such fees), *overruled on other grounds by In re Marriage of Aldrich,* 945 P.2d 1370 (Colo.1997); *see also Aspen v. Bayless,* 564 So.2d 1081 (Fla.1990)(litigation costs may be awarded to the prevailing party even when such costs have been paid by that party's insurance company).

Accordingly, the court properly awarded costs to defendant as the real party in interest.

## II.

■ Plaintiff next contends that the Health Care Availability Act (HCAA), § 13–64–101, et seq., C.R.S.2003, precludes recovery of costs. We disagree.

When construing a statute, we must determine the General Assembly's intent. In doing so, we examine all statutes that pertain to the subject matter at issue, and we favor a construction that gives consistent and harmonious effect to all provisions. *Bontrager v. La Plata Elec. Ass'n,* 68 P.3d 555 (Colo.App. 2003).

Pursuant to § 13–16–105, "in any action wherein the plaintiff . . . might have costs in case judgment is given for him and . . . a verdict is passed against him, then the defendant shall have judgment to recover his costs against the plaintiff." Likewise, C.R.C.P. 54(d) provides that costs shall be awarded to the prevailing party unless mandated otherwise by statute or court order.

The HCAA governs the substantive law of medical negligence claims. Its stated purpose is to contain the significantly increasing costs of malpractice insurance in order to assure the continued availability of adequate health care services. Section 13–64–102, C.R.S. 2003.

Plaintiff asserts that the HCAA provision creating a mechanism for insurers to assert their subrogation rights for medical benefits paid to a plaintiff implies the exclusion of a cost recovery process. *See* § 13–64–402, C.R.S.2003. However, there is no indication that this provision is meant to supplant a prevailing party's right to recover costs. *See* C.R.C.P. 54(d).

Plaintiff also relies upon § 13–64–205(1)(b), C.R.S.2003. That provision requires a court, in determining what judgment to enter on a verdict finding for a plaintiff and awarding special damages, to specify the payment of attorney fees and litigation expenses in a manner separate from the periodic installments payable to a successful plaintiff. However, that provision is meant to protect plaintiffs' attorneys and to honor any agreement between a successful plaintiff and his or her attorney concerning payment and reimbursement of costs and attorney fees. It says nothing that would preclude or affect a prevailing defendant's right to recover costs and does not imply a repeal of § 13–16–105.

Moreover, plaintiff's argument is inconsistent with the purpose of the HCAA. Because all Colorado physicians are required to carry liability insurance while practicing medicine, their insurers bear the responsibility of providing them with defenses against malpractice claims and indemnification of losses resulting therefrom. *See* § 13–64–301(1)(a), C.R.S.2003. If recovery of costs were denied, liability insurers would be forced to absorb such expenditures, inevitably passing the losses on to their policyholders. Hence, physicians would face increased costs for malpractice insurance, contrary to the HCAA's objective. *See Hale v. Erickson, supra* (a statute should be read to give effect to its policy and objective and to avoid interpretations that nullify its purpose and intent).

Because the HCAA does not mandate otherwise, we construe it in harmony with § 13–16–105 and C.R.C.P. 54(d) to allow a prevailing defendant to recover costs in a medical negligence action.

## III.

■ Plaintiff argues alternatively that the trial court erred by awarding defendant the full amount of his requested costs. She argues that defendant failed to show such expenses were reasonable or necessary. We disagree.

■ Generally, the award of costs to prevailing parties lies within the sound discretion of the trial court. In reviewing such

an award, we will not overturn that determination absent a clear abuse of discretion. *Ballow v. PHICO Ins. Co.*, 878 P.2d 672 (Colo.1994).

Here, the trial court found all the requested costs to be reasonable and necessarily incurred for the preparation and defense of his case. Upon review of the bill of costs, we perceive no abuse of discretion in the trial court's determination. Therefore, we decline to disturb the award.

PICCONE and CRISWELL,* JJ., concur.