AARON R. CROMER AND FELICIA CROMER, APPELLANTS,
v. WILLIAM GIBSON WILSON, RESPONDENT.

No. 50767

AARON R. CROMER, APPELLANT, v.
WILLIAM GIBSON WILSON, RESPONDENT.

No. 51365

March 11, 2010                                      225 P.3d 788

*Christensen Law Offices, LLC*, and *David F. Sampson* and *Carl J. Christensen*, Las Vegas, for Appellants.

*Lewis Brisbois Bisgaard & Smith, LLP*, and *Mark J. Brown* and *Josh C. Aicklen*, Las Vegas, for Respondent.

Before PARRAGUIRRE, C.J., DOUGLAS and PICKERING, JJ.

## OPINION

By the Court, DOUGLAS, J.:

Appellant Aaron Cromer received a jury verdict of $4,530,785.50 as a result of injuries he sustained in a car crash caused by respondent William Wilson. On appeal, Aaron and his wife Felicia Cromer raise several issues, only one of which merits detailed consideration. The Cromers contend that the district court should have granted summary judgment on the issue of liability because NRS 41.133 allows a judgment of conviction to conclusively establish civil liability for a crime and should have precluded Wilson from arguing comparative fault pursuant to NRS 41.141.

We conclude that the conclusive presumption of NRS 41.133 applies to liability but does not abrogate the law regarding comparative negligence or damages. The district court should have granted the summary judgment motion as to liability and held a trial as to damages only; at such a trial, the defense could have introduced evidence of comparative fault, if any, to reduce the damages award. In this case, the district court allowed the trial to proceed as to liability and damages. The jury found Wilson liable and awarded damages. Although the district court utilized the incorrect procedure, the appropriate outcome was reached. Therefore, we affirm

the judgment of the district court. *See, e.g.*, *Sanchez v. Wal-Mart Stores*, 125 Nev. 818, 824 n.2, 221 P.3d 1276, 1280 n.2 (2009) (noting that this court will affirm a district court's order if the district court reached the correct result, even for the wrong reason).

## FACTS AND PROCEDURAL HISTORY

This case arises from a single-car accident that occurred on July 21, 2002. Wilson was driving while intoxicated and speeding, causing him to veer off the road. The vehicle overturned and rolled multiple times. Aaron, who was a passenger in Wilson's vehicle, suffered two spinal vertebrae fractures, four broken ribs, a broken wrist, and a broken collarbone. As a result of his injuries, Aaron was rendered an incomplete quadriplegic with severe disability to his hands, arms, and legs.

Wilson's blood alcohol concentration was 0.31 percent and he also had cocaine metabolite in his system at the time of the crash. He was subsequently convicted of felony DUI and felony reckless driving.

On May 5, 2003, the Cromers filed a complaint against Wilson alleging negligence. Wilson's answer asserted an affirmative defense of comparative negligence.

Prior to trial, the Cromers filed a motion for summary judgment on the issue of liability, arguing that the application of NRS 41.133 conclusively established Wilson's liability because he was convicted of the felony that resulted in Aaron's injury. The district court concluded that, notwithstanding NRS 41.133, Wilson was allowed to argue comparative negligence pursuant to NRS 41.141. Thus, the district court concluded that the Cromers were not entitled to judgment as a matter of law. The case proceeded to trial on both liability and damages.

The jury was allowed to consider Wilson's comparative-negligence defense in its determination of liability, and found Aaron to be 25 percent at fault and Wilson to be 75 percent at fault. The jury returned a verdict in favor of Aaron and against Wilson and awarded damages totaling $4,530,785.50.

## DISCUSSION

The Cromers and Wilson agree that NRS 41.133 applies to this situation because Wilson was convicted of the felony that resulted in Aaron's injury. The Cromers argue that NRS 41.133 precludes Wilson from arguing comparative negligence because the plain language of the statute requires the imposition of liability if an offender has been convicted of the crime that resulted in the injury to the victim. Accordingly, the Cromers argue that the district court was required to grant summary judgment in Aaron's favor

as to the issue of Wilson's liability.[1] Wilson argues that the district court properly denied the Cromers' motion for summary judgment and was correct in allowing the jury to consider comparative negligence.

We conclude that the language of NRS 41.133 establishes a conclusive presumption of liability when an offender has been convicted of the crime that resulted in the injury to the victim. However, NRS 41.133 does not abrogate the law regarding comparative negligence or damages. Therefore, while NRS 41.133 establishes a conclusive presumption of liability, a defendant may argue comparative negligence pursuant to NRS 41.141 to reduce an award of damages at a trial as to damages only.

*Standard of review*

A district court's order denying summary judgment is an interlocutory decision and is not independently appealable. *GES, Inc. v. Corbitt*, 117 Nev. 265, 268, 21 P.3d 11, 13 (2001). However, where a party properly raises the issue on appeal from the final judgment, this court will review the decision de novo. *Id.*; *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when the pleadings and other evidence establish that ''no 'genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law.' '' *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (alteration in original) (quoting NRCP 56(c)).

The construction of statutes is a question of law, which we review de novo. *State, Dep't of Mtr. Vehicles v. Lovett*, 110 Nev. 473, 476, 874 P.2d 1247, 1249 (1994). In interpreting statutes, the primary consideration is the Legislature's intent. *Cleghorn v. Hess*, 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993). When a statute is clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of construction. *Seput v. Lacayo*, 122 Nev. 499, 502, 134 P.3d 733, 735 (2006). If, however, a statute is susceptible of another reasonable interpretation, we must not give the statute a meaning that will nul-

---

[1]Because NRS 41.133 only applies to the victim of the crime, it is not applicable to Felicia's claims. Therefore, this discussion will only address NRS 41.133 as it applies to Aaron's claims.

While the district court should have granted summary judgment as to liability for Aaron's injuries, in such a situation Felicia's claims arising from Aaron's injuries must still be litigated and liability for those claims must be submitted to the jury. Therefore, the district court acted properly with respect to Felicia's claims.

lify its operation, and we look to policy and reason for guidance. *Leven v. Frey*, 123 Nev. 399, 405, 168 P.3d 712, 714 (2007). Further, this court has a duty to construe statutes as a whole, so that all provisions are considered together and, to the extent practicable, reconciled and harmonized. *Id.*; *Southern Nev. Homebuilders v. Clark County*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005).

## Application of NRS 41.133 and NRS 41.141

NRS 41.133 provides that "[i]f an offender has been convicted of the crime which resulted in the injury to the victim, the judgment of conviction is conclusive evidence of all facts necessary to impose civil liability for the injury." NRS 41.133 "mandates that conviction of a crime resulting in injury to the victim is conclusive evidence of civil liability for the injury." *Langon v. Matamoros*, 121 Nev. 142, 143, 111 P.3d 1077, 1077 (2005).

In *Langon*, the court concluded that NRS 41.133 applies to convictions for malum in se offenses. *Id.* at 144-45, 111 P.3d at 1078. The court distinguished malum in se offenses, which "legislators clearly intended NRS 41.133 to include," from malum prohibitum offenses, which the court concluded were not included in NRS 41.133.[2] *Id.* at 145, 111 P.3d at 1078. The court also discussed the legislative history of NRS 41.133, noting that when the bill was approved, the companion provision became NRS 41.135, which enumerates the "malum in se offenses that legislators clearly intended NRS 41.133 to include." *Id.* NRS 41.135 clearly enumerates convictions for felonies. Therefore, we conclude that NRS 41.133 was clearly intended to apply to felony convictions, which includes Wilson's convictions for felony DUI and felony reckless driving.

In considering the application of NRS 41.133, the *Langon* court noted "the scope of NRS 41.133 is inherently unclear, particularly in relation with other statutory measures governing tort liability." *Id.* at 144, 111 P.3d at 1078. We now address the potential conflict between NRS 41.133 and NRS 41.141 that the *Langon* court identified.

NRS 41.133 is silent about whether the defendant may argue comparative negligence pursuant to NRS 41.141 in situations where "the judgment of conviction is conclusive evidence of all facts necessary to impose civil liability." Since NRS 41.133 does not exclusively limit defenses or abrogate statutorily created defenses such as NRS 41.141, it seems that the affirmative defense

---

[2]A malum in se offense is "a crime or an act that is inherently immoral, such as murder, arson, or rape." *Black's Law Dictionary* 1045 (9th ed. 2009). A malum prohibitum offense is "an act that is a crime merely because it is prohibited by statute, although the act itself is not necessarily immoral." *Id.*

of comparative negligence should be permitted to refute liability in the instant case. However, such an application might work to negate the intended effect of NRS 41.133. Thus, in construing these statutes, we attempt to give effect to both NRS 41.133 and NRS 41.141.

To give effect to both statutes, we must first clarify the court's statements in *Langon*. In *Langon*, the court concluded that the application of NRS 41.133 to misdemeanor traffic violations "would render the comparative negligence scheme of NRS 41.141 meaningless." *Id.* at 145, 111 P.3d at 1079. The court was concerned that when NRS 41.141 applies, it "insulates a defendant from liability in cases in which a plaintiff's comparative negligence exceeds that 'of the parties to the action against whom recovery is sought.'" *Id.* (quoting NRS 41.141). We agree that there are situations where the application of NRS 41.141 could theoretically insulate a defendant from liability, if the jury determined that the plaintiff's comparative negligence exceeded that of the defendant. This would thwart the legislators' purpose in passing NRS 41.133, which was intended to expand the rights of victims in litigation against offenders. Hearing on A.B. 268 Before the Assembly Judiciary Comm., 63d Leg. (Nev., March 20, 1985). However, we believe that it is possible to construe the language of both statutes so as to give each of them force without nullifying their manifest purpose.

NRS 41.133 only establishes liability, but does not mention damages. Simply because liability is established does not mean that a party is automatically entitled to damages. Therefore, application of NRS 41.133 allows a party to avoid having to prove liability, but does not provide an automatic recovery of damages, and a plaintiff must still establish damages. In establishing damages, defenses to damages such as comparative negligence are still permitted because they do not interfere with the determination of liability, only the amount of damages recoverable. Thus, while application of comparative negligence may in some circumstances result in no damages awarded to a plaintiff (*i.e.*, if the plaintiff is found to be more than 50 percent at fault), this result is not contrary to NRS 41.133 because that statute only establishes liability, not a guaranty that the plaintiff is entitled to collect damages.[3]

---

[3]Other jurisdictions have struggled with harmonizing disparate statutes such as ours, which provide for liability in a specific circumstance and could potentially preclude the application of statutory defenses. Colorado's Premises Liability Act created a similar difficulty to NRS 41.133. The Colorado Court of Appeals concluded that "[r]eading the statutory scheme as a whole and giving harmonious effect to its various parts, the . . . statutory defenses to liability, such as comparative negligence, were not abrogated by the [Premises Liability Act]." *Tucker v. Volunteers of America Co. Branch*, 211 P.3d 708, 710-11 (Colo. App. 2008).

## CONCLUSION

Considering the statutory scheme as a whole and giving harmonious effect to both NRS 41.133 and NRS 41.141, we conclude that statutory defenses to liability, such as comparative negligence, are not abrogated by NRS 41.133. Where a defendant has been convicted of a malum in se offense, the judgment of conviction conclusively establishes the defendant's liability to the plaintiff victim. Summary judgment is appropriate as to liability as "no 'genuine issue as to any material fact [remains] and [the plaintiff] is entitled to a judgment as a matter of law.'" *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (first alteration in original) (quoting NRCP 56(c)). However, the plaintiff must still establish damages in order to recover, and at that time the defense may argue comparative negligence pursuant to NRS 41.141 as to the amount of damages recoverable.

Accordingly, we affirm the district court's judgment on the jury verdict. We also affirm the post-judgment order regarding attorney fees and prejudgment interest.[4]

PARRAGUIRRE, C.J., and PICKERING, J., concur.

---

[4]The district court's denial of the Cromers' motion for attorney fees and interest was not an abuse of discretion pursuant to *Beattie v. Thomas*, 99 Nev. 579, 668 P.2d 268 (1983). We conclude the following on the other issues raised by appellants: (1) the district court did not abuse its discretion by precluding questions about Wilson's possible probation violations or by allowing the defense to clarify that Wilson was not a billionaire; (2) because there was conflicting evidence, the jury could have found that Felicia Cromer failed to carry her burden as to her loss of consortium claim; and (3) the district court's additur of $4,000,000 was sufficient and accepted.