An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

COUNTY OF LYON; AND PUBLIC
AGENCY COMPENSATION TRUST,
Appellants,
vs.
VINCENT GIRON; AND RENO TAHOE
AIRPORT AUTHORITY,
Respondents.

No. 64133

**FILED**

APR 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal of a district court's denial of a petition for judicial review and grant of a cross-petition for judicial review. Third Judicial District Court, Lyon County; William Rogers, Judge.

Respondent Vincent Giron was previously employed as a sheriff's deputy by appellant Lyon County. He left employment with Lyon County to work as a security officer for respondent Reno-Tahoe Airport Authority (RTAA), a quasi-municipal corporation. While employed by the RTAA, Giron suffered a heart attack during a vacation, and underwent heart surgery.

Giron filed a workers' compensation claim with both Lyon County and the RTAA. Appellants Lyon County and Public Agency Compensation Trust (PACT), Lyon County's insurer, denied Giron's claim. The RTAA and its insurer also denied Giron's claim.

Giron appealed both claim denials to a hearing officer. The hearing officer reversed Lyon County's claim denial and affirmed the RTAA's claim denial. Lyon County and PACT subsequently appealed the hearing officer's decision to an appeals officer. Giron did not appeal the hearing officer's decision regarding the RTAA, and the 30-day statutory time limit to appeal that decision was allowed to lapse.

15-12959

Giron subsequently appealed the hearing officer's decision regarding the RTAA, and an appeals officer consolidated that appeal with the appeal of Lyon County and PACT. The RTAA moved to dismiss Giron's appeal on the grounds that it was untimely. The appeals officer denied the RTAA's motion.

The appeals officer affirmed the hearing officer's decision finding only Lyon County liable for Giron's workers' compensation benefits. Lyon County and PACT filed a petition for judicial review of the appeals officer's decision in the district court. The RTAA filed a cross-petition for judicial review, contending that the appeals officer lacked jurisdiction to address the merits of Giron's appeal of the decision regarding the RTAA's liability. The district court denied Lyon County and PACT's petition and granted the RTAA's cross-petition. Lyon County and PACT now appeal both petitions.

*An RTAA security officer is a police officer under NRS 617.135*

The RTAA argues that because the position of an RTAA security officer is not explicitly included under NRS 617.135's definition of police officer, an RTAA security officer is not a police officer for the purposes of NRS 617.457(1).

Our review of an administrative agency's decision is identical to that of the district court. *Elizondo v. Hood Mach.*, Inc., 129 Nev. Adv. Op. No. 84, 312 P.3d 479, 482 (2013). "Although we normally defer to an agency's conclusions of law [that] are closely related to its view of the facts," we independently review purely legal issues, including matters of statutory interpretation. *Harrah's Operating Co. v. State, Dep't of Taxation*, 130 Nev. Adv. Op. No. 15, 321 P.3d 850, 852 (2014) (alteration in original) (internal quotations omitted).

"The ultimate goal of interpreting statutes is to effectuate the Legislature's intent." *In re CityCenter Constr. & Lien Master Litig.*, 129 Nev. Adv. Op. No. 70, 310 P.3d 574, 578 (2013). We interpret clear and unambiguous statutes based on their plain meaning. *Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010). A statute is ambiguous if it "is capable of being understood in two or more senses by reasonably informed persons." *McKay v. Bd. of Supervisors*, 102 Nev. 644, 649, 730 P.2d 438, 442 (1986). When a statute is ambiguous, "[we] consult other sources such as legislative history, legislative intent and analogous statutory provisions." *State, Div. of Ins. v. State Farm*, 116 Nev. 290, 294, 995 P.2d 482, 485 (2000). We will "constru[e] the statute in a manner that conforms to reason and public policy," *Great Basin Water Network v. State Eng'r*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010), and "seek to avoid an interpretation that leads to an absurd result." *City Plan Dev. v. State, Labor Comm'r*, 121 Nev. 419, 435, 117 P.3d 182, 192 (2005).

Ordinarily, an injured employee must show that his or her injury "arose out of and in the course of his or her employment" to be eligible to receive workers' compensation benefits. NRS 616C.150(1). In contrast, police officers who seek workers' compensation benefits for heart disease are excused from having to prove that the disease arose out of and in the course of employment. NRS 617.457(1). In relevant part, NRS 617.135, which defines "police officer" for the purpose of workers' compensation, states: "'Police officer' includes[ ] . . . [a] sheriff, deputy sheriff, officer of a metropolitan police department or city police officer." Neither RTAA security officer nor quasi-municipal police officer is among the professions listed in NRS 617.135.

When a statute "employs the term 'includes' when prefacing its definition of [a term], [it] indicates that the definition is not all-

inclusive." *MGM Mirage v. Nevada Ins. Guar. Ass'n*, 125 Nev. 223, 230, 209 P.3d 766, 771 (2009); *see also Frame v. Nehls*, 550 N.W.2d 739, 742 (Mich. 1996) (stating that the word "includes," when used in the text of a statute, "can be . . . a term of [either] enlargement or of limitation"). Thus, the omission of an RTAA security officer from NRS 617.135 is not dispositive, and this statute is ambiguous as to whether an RTAA security officer is considered within the statutory definition of a police officer. Therefore, we next consult the legislative history of NRS 617.135 and NRS 617.457(1) to discern the Legislature's intent in enacting these statutes.[1]

The legislative history of NRS 617.457 shows that the Legislature intended to cover individuals engaged in specific occupations that could more readily cause heart disease. For example, Senator Bill Farr stated that the bill, which became NRS 617.457, would "protect those individuals who, through stress, strain, hypertension, and excitement in the performance of their duties" developed heart disease. Hearing on S.B. 224 Before the Senate Conf. Comm., 55th Leg. (Nev., March 18, 1969) (testimony of Senator Bill Farr). When it was first enacted, the bill only included firefighters, and not police officers. *See* NRS 617.457 (1969). Senator John Fransway stated that although they had not been able to pass it at the time with police officers included, police officers would be included in a future bill because they faced similar risks for heart disease. Hearing on S.B. 224 Before the Senate Conf. Comm., 55th Leg. (Nev.,

---

[1]NRS 617.135 was not enacted until 1981, twelve years after NRS 617.457 was enacted. Prior to 1981, the list of occupations covered by NRS 617.457 were included in the statute itself and not defined in a separate statute. *See* NRS 617.457 (1975). Therefore, in discussing the legislative history of NRS 617.457 and NRS 617.135, we necessarily focus on that of NRS 617.457.

March 18, 1969) (testimony of Senator John Fransway). Senator Fransway's statement suggests that the later addition of police officers to the statute was for the same reason that the statute was originally enacted for firefighters: to cover those whose heart diseases could be brought on by the unique stress of their employment. *See id.*

NRS 617.457 was later amended to include various law enforcement officers, including DMV field agents and inspectors. 1981 Nev. Stat., ch. 339, § 2, at 623-24. William Goddard, speaking on behalf of the DMV in support of the amendment, stated that the DMV field agents and inspectors should be covered under the bill because "[h]is agents have the same duties, powers and responsibilities as the Nevada Highway Patrol Officers. They are uniformed officers . . . [and t]hey make arrests and assist other agencies." Hearing on A.B. 32 Before the Assembly Labor Comm., 61st Leg. (Nev., February 9, 1981) (testimony of Mr. William Goddard). Mr. Goddard's testimony suggests that amendments to include additional occupations for coverage under NRS 617.457 were contemplated because such occupations were similar to those already covered by the statute, and thus, were at similar risk for heart disease that could be brought on by the unique stress of their employment.

An RTAA security officer is similar to the other professions listed under NRS 617.135(1)'s non-exhaustive definition of police officer. For example, an RTAA security officer "has the powers and must have the training required of a law enforcement officer." Reno-Tahoe Airport Auth. Act, § 10(13). Similarly, an RTAA security officer "shall be deemed to be a peace officer for the purposes of determining retirement benefits under the Public Employees' Retirement System." *Id.* Other airports in Nevada, such as McCarran Airport in Clark County, are under the jurisdiction of the city or county in which they are located and thus

are policed by city or county police officers, who are specifically listed under NRS 617.135. *See Airport Bureau of the Las Vegas Metro. Police Dep't,* http://www.lvmpd.com/Sections/Airport/tabid/167/Default.aspx. *See generally* 49 C.F.R. §§ 1540, 1542 (2014).

Excluding an RTAA security officer, who has nearly the same powers, training, and retirement benefits of a metropolitan or city police officer, from a definition of police officer that includes those occupations, as well as that of "investigator of the Division of Compliance Enforcement of the Department of Motor Vehicles," NRS 617.135(8), would produce an absurd result. *See City Plan Dev.*, 121 Nev. at 435, 117 P.3d at 192. Therefore, we hold that an RTAA security officer is a police officer for the purposes of NRS 617.135.

*Lyon County and PACT are not liable for Giron's benefits under the last injurious exposure rule*

The last injurious exposure rule resolves which employer is liable for workers' compensation benefits owed to an employee who incurred an industrial injury while working for one employer and then sustained a subsequent, related industrial injury while working for another employer. *Las Vegas Hous. Auth. v. Root*, 116 Nev. 864, 866, 8 P.3d 143, 144 (2000). This rule imposes full liability on the most recent employer for a new injury or the "aggravation of a prior injury that bears even a slight causal relation to the disability." *Grover C. Dils Med. Ctr. v. Menditto*, 121 Nev. 278, 284, 112 P.3d 1093, 1097-98 (2005). As it relates to NRS 617.457(1)'s statutory presumption, the last injurious exposure rule "places responsibility for compensation [for the injury] on the employer [to whom the presumption applies] in closest temporal proximity to the disabling event." *Emp'rs Ins. Co. of Nev. v. Daniels*, 122 Nev. 1009, 1011, 145 P.3d 1024, 1025-26 (2006).

Here, Giron had his disabling event while employed as a security officer by the RTAA. Because we have determined that an RTAA security officer is a police officer for the purposes of NRS 617.135, we conclude that the RTAA is the employer to whom NRS 617.457's presumption applies and is in closest temporal proximity to the disabling event. Therefore, Lyon County and PACT are absolved of liability for Giron's workers' compensation benefits under the last injurious exposure rule.

*The appeals officer did not have jurisdiction over the RTAA*

"Any party aggrieved by a decision of the hearing officer relating to a [workers' compensation] claim" must file "a notice of appeal . . . within 30 days after the date of the decision." NRS 616C.345.

Here, Giron failed to file an appeal of the hearing officer's decision denying the RTAA's liability within the 30 days required by NRS 616C.345. Furthermore, Giron's appeal does not fall under one of NRS 616C.345's exceptions to the statutory time limit. Therefore, the appeals officer lacked jurisdiction over the RTAA.[2]

---

[2]Lyon County and PACT also argue that the appeals officer had the authority to join the RTAA under NRCP 20(a) or, alternatively, had the authority to ignore the statute of limitations under this court's decision in *Ayala v. Caesars Palace*, 119 Nev. 232, 71 P.3d 490 (2003). However, they fail to identify any meaningful authority in support of how joinder can defeat a lack of subject matter jurisdiction by the appeals officer. We also find *Ayala* to be inapposite to the present case. In *Ayala*, the court held that "[o]nce the jurisdiction of the appeals officer is invoked," the appeals officer has jurisdiction to hear "any matter raised before [the appeals officer] on its merits." 119 Nev. at 236, 71 P.3d at 492 (citation omitted). In the present case, however, jurisdiction over the RTAA was never properly invoked by the appeals officer.

*Conclusion*

Because Lyon County and PACT were not liable under the last injurious exposure rule, the district court erred in denying their petition for judicial review. Furthermore, because the appeals officer lacked jurisdiction over the RTAA, the district court did not err in granting RTAA's cross-petition for judicial review.[3] Therefore, we

ORDER the district court's grant of RTAA's cross-petition for judicial review AFFIRMED and REVERSE AND REMAND the district court's denial of Lyon County and PACT's petition for judicial review to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[3]We find that Lyon County and PACT's argument that the RTAA is estopped or has waived the right to challenge the timeliness of Giron's appeal is without merit because a party's conduct during litigation or consent cannot establish a court's jurisdiction where it would not otherwise exist. *See Vaile v. Eighth Judicial Dist. Court*, 118 Nev. 262, 275, 44 P.3d 506, 515 (2002) ("Parties may not confer jurisdiction upon the court by their consent when jurisdiction does not otherwise exist.").

cc: Hon. William Rogers, District Judge
Laurie A. Yott, Settlement Judge
Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
McDonald Carano Wilson LLP/Reno
Nevada Attorney for Injured Workers/Carson City
Third District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A