**131 Nev., Advance Opinion 31**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT LOGAN AND JAMIE LOGAN, HUSBAND AND WIFE,
Appellants,
vs.
CALVIN J. ABE, AN INDIVIDUAL; RON MARTINSON, AN INDIVIDUAL; AND ABE PACIFIC HEIGHTS PROPERTIES, LLC, A FOREIGN LIMITED LIABILITY COMPANY,
Respondents.

No. 63980

**FILED**

JUN 0 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



Appeal from a post-judgment award of attorney fees and costs in a personal injury action. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

*Affirmed.*

Wm. Patterson Cashill, Ltd., and Wm. Patterson Cashill, Reno; Bradley, Drendel & Jeanney and William C. Jeanney, Reno,
for Appellants.

LeVangie Law Group and Jeffery C. Long, Jason A. Rose, and Michael J. LeVangie, Carson City,
for Respondents.

---

BEFORE SAITTA, GIBBONS and PICKERING, JJ.

Supreme Court
of
Nevada

(O) 1947A

10/8/15: Corrected per letter to publishers. CJ

15-17024

## OPINION

By the Court, SAITTA, J.:

A party who makes an unimproved-upon offer of judgment—an offer that is more favorable to the opposing party than the judgment ultimately rendered by the district court—is entitled to recover costs and reasonable attorney fees incurred after making the offer of judgment. NRS 17.115(4); NRCP 68(f)(2). At issue here is (1) whether a party can recover these expenses if they were paid by a third party on the party's behalf, (2) whether the district court abused its discretion in the present case by awarding attorney fees, and (3) whether the district court abused its discretion in the present case by awarding costs in excess of $1,500 for the fees of an expert witness that did not testify and was not deposed.

Because a party incurs an expense at the time the expense is paid or the party "become[s] legally obligated to pay it," *United Services Auto Ass'n v. Schlang*, 111 Nev. 486, 490, 894 P.2d 967, 969 (1995) (internal quotations omitted), the party need not actually pay the expense to have incurred it. Therefore, we hold that a party can incur an expense even if a third party pays the expense on the party's behalf, as long as the party would otherwise be legally obligated to pay the expense. Thus, costs and reasonable attorney fees that a third party paid on behalf of a litigant can be recovered under NRS 17.115(4) and NRCP 68(f)(2). In addition, we conclude that in the present case the district court did not abuse its discretion in awarding expert witness fees in excess of $1,500 for an expert who did not testify at trial and was not deposed.

### FACTUAL AND PROCEDURAL HISTORY

Appellants Robert and Jamie Logan sued respondents Calvin J. Abe, Abe Pacific Heights Properties, LLC (Abe Properties), and Ron

Martinson for personal injuries that Robert Logan suffered when he was shot by an employee of a hotel. The Logans alleged that Abe Properties owned the hotel, Abe operated the hotel, and Martinson was the hotel's general manager.

Before trial, Abe, Abe Properties, and Martinson made an offer of judgment to the Logans in which they offered to pay $55,000 to settle the Logans' claims. The record does not show that the Logans accepted this offer, and the case proceeded to a jury trial.

After the jury returned a verdict in their favor, Abe, Abe Properties, and Martinson made a motion for attorney fees and costs, which had been paid by their insurer. The Logans opposed the motion. Reasoning that Abe, Abe Properties, and Martinson were entitled to attorney fees and costs under NRS 17.115 and NRCP 68 because the Logans failed to improve upon their offer of judgment, the district court awarded $71,907.50 in attorney fees and $24,812.60 in costs, including $7,290 for the fees of an expert witness who did not testify. The Logans now appeal the award of attorney fees and costs.

## DISCUSSION

*Abe, Abe Properties, and Martinson have standing to seek attorney fees*

As a preliminary matter, the Logans argue that Abe, Abe Properties, and Martinson lack standing because they did not actually pay the attorney fees and costs.

"Standing is a question of law reviewed de novo." *Arguello v. Sunset Station, Inc.*, 127 Nev., Adv. Op. 29, 252 P.3d 206, 208 (2011). Under Nevada law, "a party generally has standing to assert only its own rights and cannot raise the claims of a third party not before the court." *Beazer Homes Holding Corp. v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 66, 291 P.3d 128, 133 (2012). Here, Abe, Abe Properties, and

Martinson made claims for attorney fees and costs on their own behalf and not on behalf of another entity. Therefore, they have standing to pursue their claim for attorney fees and costs. *See id.*

*The district court correctly found that Abe, Abe Properties, and Martinson are eligible to recover attorney fees and costs*

The Logans argue that NRS 17.115 and NRCP 68 only allow recovery of attorney fees and costs that a party actually pays or has a legal duty to pay. Thus, they contend that Abe, Abe Properties, and Martinson are not eligible to recover attorney fees and costs in this case because their insurer paid these expenses.

"[W]hen a party's eligibility for a fee award is a matter of statutory interpretation" or the interpretation of court rules, we review the district court's decision de novo. *In re Estate & Living Trust of Miller*, 125 Nev. 550, 553, 216 P.3d 239, 241 (2009); *see Casey v. Wells Fargo Bank, N.A.*, 128 Nev., Adv. Op. 64, 290 P.3d 265, 267 (2012) (reviewing "legal conclusions regarding court rules" de novo).

We interpret clear and unambiguous statutes based on their plain meaning. *Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010). "In the absence of an ambiguity, we do not resort to other sources, such as legislative history, in ascertaining that statute's meaning." *Williams v. United Parcel Servs.*, 129 Nev., Adv. Op. 41, 302 P.3d 1144, 1147 (2013). Because "the rules of statutory interpretation apply to Nevada's Rules of Civil Procedure," *Webb v. Clark County School District*, 125 Nev. 611, 618, 218 P.3d 1239, 1244 (2009), we interpret unambiguous statutes, including rules of civil procedure, by their plain meaning. *See Cromer*, 126 Nev. at 109, 225 P.3d at 790.

*NRS 17.115 and NRCP 68 allow a party who made an unimproved-upon offer of judgment to recover certain attorney fees and costs*

In relevant part, NRS 17.115(4) states:

Except as otherwise provided in this section, if a party who rejects an offer of judgment fails to obtain a more favorable judgment, the court:

. . .

(c) *Shall order the party to pay the taxable costs incurred by the party who made the offer*; and

(d) May order the party to pay to the party who made the offer any or all of the following:

(1) A reasonable sum *to cover any costs incurred by the party who made the offer for each expert witness whose services were reasonably necessary to prepare for and conduct the trial of the case.*

. . . .

(3) *Reasonable attorney's fees incurred by the party who made the offer for the period from the date of service of the offer to the date of entry of the judgment.* If the attorney of the party who made the offer is collecting a contingent fee, the amount of any attorney's fees awarded to the party pursuant to this subparagraph must be deducted from that contingent fee.

(Emphases added.) In relevant part, NRCP 68(f)(2) provides that if an offeree fails to improve upon a rejected offer of judgment, *"the offeree shall pay the offeror's post-offer costs,* applicable interest on the judgment from the time of the offer to the time of entry of the judgment *and reasonable attorney's fees, if any be allowed, actually incurred by the offeror from the time of the offer. . . ."* (Emphases added.) Thus, both the statute and the rule authorize a party who makes an offer of judgment that is not improved upon to recover the reasonable attorney fees and costs incurred

after the offer of judgment was made. NRS 17.115(4)(c)-(d); NRCP 68(f)(2).

> *An expense is incurred if a party has an obligation to pay it without regard to whether the party actually pays the expense*

"An expense can only be 'incurred' when one has paid it or become legally obligated to pay it." *United Servs. Auto Ass'n v. Schlang*, 111 Nev. 486, 490, 894 P.2d 967, 969 (1995) (internal quotations omitted). While we have not directly addressed the issue of whether a party incurs an expense that is ultimately satisfied by another party, other jurisdictions have persuasively held that an expense can be incurred even if it is ultimately satisfied by someone other than the party. A North Carolina appellate court has held that a party incurs an expense if it would have been liable to pay the expense regardless of whether a third party had paid it. *Hoffman v. Oakley*, 647 S.E.2d 117, 124 (N.C. Ct. App. 2007) (interpreting "incur" in the context of an insurer's payment of an insured's litigation expenses). Similarly, a Colorado appellate court has held that expenses are incurred when paid on a party's behalf by its insurer because "[t]he arrangement between [a] defendant and [its] liability insurer for the disbursement and repayment of those costs is of no consequence." *Mullins v. Kessler*, 83 P.3d 1203, 1204 (Colo. App. 2003); *cf. Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (holding that a prevailing party may recover litigation costs without regard to whether a third party advanced the funds for the costs); *Aspen v. Bayless*, 564 So. 2d 1081, 1083 (Fla. 1990) (same). We therefore extend *Schlang* and hold that a party can incur an expense that was paid on its behalf if the party would have been liable for the expense regardless of the third party's payment.

SUPREME COURT
OF
NEVADA

(O) 1947A

6

*NRS 17.115 and NRCP 68 allow a party to recover costs and reasonable attorney fees that a third party paid on its behalf*

NRS 17.115 and NRCP 68 each authorize a party to recover the reasonable attorney fees and costs that it incurs after it makes an offer of judgment that is not improved upon. NRS 17.115(4)(c)-(d); NRCP 68(f)(2). Because the statutes are limited to the costs incurred rather than the party who pays them, we therefore hold that NRS 17.115 and NRCP 68 allow a party to recover qualifying attorney fees and costs that were paid on its behalf by a third party. Thus, Abe, Abe Properties, and Martinson were eligible to recover the post-offer costs and reasonable attorney fees that their insurer paid on their behalf.

*The district court did not abuse its discretion by awarding attorney fees to Abe, Abe Properties, and Martinson*

The Logans argue that Abe, Abe Properties, and Martinson are not entitled to recover attorney fees because they failed to demonstrate that the award satisfied the factors set out in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969).[1]

We review an award of attorney fees for an abuse of discretion, *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006), and will affirm an award that is supported by substantial evidence. *See Uniroyal Goodrich Tire Co. v. Mercer*, 111 Nev. 318, 324, 890 P.2d 785, 789 (1995), *superseded by statute on other grounds as discussed in RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 121 Nev. 34, 41-42 & n.20, 110 P.3d 24, 29 & n.20 (2005).

---

[1]The Logans also contend that Abe, Abe Properties, and Martinson submitted a deficient attorney's declaration with their motion for attorney fees. This argument is without merit because the attorney's declaration complied with NRCP 54(d)(2)(B) and NRS 53.045.

"In determining the amount of fees to award, the [district] court is not limited to one specific approach; its analysis may begin with any method rationally designed to calculate a reasonable amount, so long as the requested amount is reviewed in light of the" *Brunzell* factors. *Haley v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 16, 273 P.3d 855, 860 (2012) (internal quotations omitted). While it is preferable for a district court to expressly analyze each factor relating to an award of attorney fees, express findings on each factor are not necessary for a district court to properly exercise its discretion. *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 128 Nev., Adv. Op. 35, 283 P.3d 250, 258 (2012). Instead, the district court need only demonstrate that it considered the required factors, and the award must be supported by substantial evidence. *See Uniroyal Goodrich Tire*, 111 Nev. at 324, 890 P.2d at 789.

Here, the district court stated in its order that it "analyzed the fees pursuant to *Beattie v. Thomas*, 99 Nev. 579, 668 P.2d 268 (1983), and *Brunzell*" and that "[t]he individual elements of these cases support the discretionary award of fees and costs." Since the district court demonstrated that it considered the *Brunzell* factors, its award of attorney fees will be upheld if it is supported by substantial evidence. *See Uniroyal Goodrich Tire*, 111 Nev. at 324, 890 P.2d at 789.

In the instant case, the district court issued an order awarding $71,907.50 in attorney fees and commenting favorably on the quality of the work performed by Abe, Abe Properties, and Martinson's attorneys. Although the district court's order states that it considered the attorneys' invoices, they are not included in the appellate record. Because these invoices were omitted from the appellate record, we must presume that they support the district court's award of attorney fees under the *Brunzell*

factors. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007). We therefore conclude that the district court did not abuse its discretion in awarding attorney fees.

*The district court did not abuse its discretion in awarding costs to Abe, Abe Properties, and Martinson*

The Logans argue that the district court abused its discretion by violating NRS 18.005(5) in awarding more than $1,500 in costs to Abe, Abe Properties, and Martinson for the fees of one of their experts. As part of this argument, they contend that the district court's award of expert witness expenses was unwarranted because the expert witness was not deposed and did not testify.[2] On appeal, the Logans do not dispute the reasonableness or necessity of the fees charged by Abe, Abe Properties, and Martinson's expert witness.

We review an award of costs for an abuse of discretion. *Vill. Builders 96, L.P. v. U.S. Labs., Inc.*, 121 Nev. 261, 276, 112 P.3d 1082, 1092 (2005).

NRS 18.005(5) allows the recovery of "[r]easonable fees of not more than five expert witnesses in an amount of not more than $1,500 for each witness, *unless the court allows a larger fee* after determining that the circumstances surrounding the expert's testimony were of such necessity as to require the larger fee." (Emphasis added.) *See also*

---

[2]The Logans also argue that Abe, Abe Properties, and Martinson's inconsistent cost calculations voided the award of costs. However, this argument is without merit because it does not demonstrate that the district court's award of costs was an abuse of discretion. *See Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1051, 881 P.2d 638, 644 (1994) ("We will not reverse an order or judgment unless error is affirmatively shown.").

*Gilman v. State Bd. of Veterinary Med. Exam'rs*, 120 Nev. 263, 272-73, 89 P.3d 1000, 1006-07 (2004) (observing that a district court has discretion to award more than $1,500 for an expert's witness fees), *disapproved of on other grounds by Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev., Adv. Op. 27, 327 P.3d 487, 491 (2014). Thus, NRS 18.005(5) allows the district court to award more than $1,500 for an expert's witness fees if the larger fee was necessary. Furthermore, NRS 17.115(4)(d)(1) authorizes the district court to award "[a] reasonable sum to cover any costs incurred by the party who made the offer [of judgment] *for each expert witness whose services were reasonably necessary to prepare for and conduct the trial of the case.*" (Emphasis added.)

While NRS 18.005 does not require an expert witness to testify in order to recover fees less than $1,500, *see* NRS 18.005(5), the award of the expert's fees in this case was not an abuse of discretion. *See Vill. Builders 96, L.P.*, 121 Nev. at 276, 112 P.3d at 1092. The district court found that Abe, Abe Properties, and Martinson did not call their expert witness, who was retained to rebut the Logans' expert witness, because "[the Logans] chose on the eve of trial (or during trial) to not call" their expert. Thus, the "circumstances surrounding the expert's testimony," or in this case, the lack thereof, were of the Logans' creation and "were of such necessity as to require the larger fee." NRS 18.005(5). In addition, the district court's finding regarding the absence of Abe, Abe Properties, and Martinson's expert's testimony shows that the award of this expert's fees was also supported by NRS 17.115(4)(d)(1). Therefore, the district court did not abuse its discretion in awarding costs for expert witness fees in excess of $1,500 to Abe, Abe Properties, and Martinson.

SUPREME COURT
OF
NEVADA

(O) 1947A

## CONCLUSION

A party is entitled to recover certain costs and reasonable attorney fees that it incurs after making an unimproved-upon offer of judgment pursuant to NRS 17.115 and NRCP 68. Because a party incurs an expense when it becomes legally obligated to pay the cost, it may recover qualifying expenses pursuant to NRS 17.115 and NRCP 68 that are paid by a third party on the party's behalf. Here, the district court did not abuse its discretion in awarding attorney fees or costs to Abe, Abe Properties, and Martinson. Therefore, we affirm the district court's award of attorney fees and costs.

_____, J.
Saitta

We concur:

_____, J.
Gibbons

_____, J.
Pickering