136 Nev., Advance Opinion 69

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JANETTE BYRNE, AS TRUSTEE OF
THE UOFM TRUST,
Appellant,
vs.
SUNRIDGE BUILDERS, INC., A
NEVADA CORPORATION; LANDS
WEST BUILDERS, INC., A NEVADA
CORPORATION; BRYANT MASONRY,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; DMK CONCRETE, INC., A
NEVADA CORPORATION; GREEN
PLANET LANDSCAPING, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; LIFEGUARD POOL
MAINTENANCE, D/B/A LIFEGUARD
POOLS, A NEVADA CORPORATION;
PRESTIGE ROOFING, INC., A
NEVADA CORPORATION; PYRAMID
PLUMBING, INC., A NEVADA
CORPORATION; RIVERA FRAMING,
INC., D/B/A RIVERA FRAMERS, A
NEVADA CORPORATION; AND S&L
ROOFING, INC., A COLORADO
CORPORATION,
Respondents.

No. 77668

**FILED**

OCT 29 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

Appeal from a district court nunc pro tunc order, certified as final under NRCP 54(b), granting summary judgment in a construction defect action. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

*Affirmed in part, reversed in part, and remanded.*

SUPREME COURT
OF
NEVADA

(O) 1947A

20-39611

Molof & Vohl and Robert C. Vohl, Reno; Springel & Fink, LLP, and Wendy Walker and Adam Springel, Las Vegas,
for Appellant.

Gordon & Rees Scully Mansukhani, LLP, and Robert E. Schumacher and Brian Walters, Las Vegas,
for Respondent Lands West Builders, Inc.

Wolfenzon Rolle and Bruno Wolfenzon and Jonathan Rolle, Las Vegas,
for Respondent Green Planet Landscaping, LLC.

Resnick & Louis, P.C., and Athanasia E. Dalacas, Las Vegas,
for Respondent Sunridge Builders, Inc.

Brown Bonn & Friedman, LLP, and Kevin Brown and Lori Jordan, Las Vegas,
for Respondents DMK Concrete, Inc., and Prestige Roofing, Inc.

Keating Law Group and Bryce Buckwalter, Las Vegas,
for Respondent Pyramid Plumbing, Inc.

Law Offices of David R. Johnson, PLLC, and David R. Johnson, Las Vegas,
for Respondent Rivera Framing, Inc.

Morris Sullivan Lemkul, LLP, and Christopher Turtzo and Matthew Yarling, Las Vegas,
for Respondents Bryant Masonry, LLC, and S&L Roofing, Inc.

Stephenson & Dickinson, P.C., and Marsha L. Stephenson, Las Vegas,
for Respondent Lifeguard Pool Maintenance.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

When the Legislature retroactively shortened the statute of repose for construction defect lawsuits with the enactment of Assembly Bill (A.B.) 125 in 2015, it created a grace period for a claimant to "commence" an action even after the statute of repose had run. In this appeal, we clarify that "commence" means a claimant must have filed a lawsuit, not merely served notice of a construction defect pursuant to NRS 40.645, within the grace period to preserve his or her action. Because appellant Janette Byrne failed to file a lawsuit within the grace period and the statute of repose had run, we determine that her action was time-barred and therefore affirm the district court order granting summary judgment in favor of respondents. However, we also determine that the district court abused its discretion in awarding attorney fees to respondent Lands West Builders, Inc., and therefore reverse the district court order granting Lands West's motion for attorney fees and remand for further proceedings.

*BACKGROUND*

Respondent Sunridge Builders, Inc., a general contractor, along with numerous subcontractors, substantially completed building a single-family home in Henderson in May 2009. Byrne, as trustee of the UOFM Trust, subsequently purchased the home.

In December 2015, approximately six years and seven months after the home was built, Byrne served notice of a construction defect pursuant to NRS 40.645 (NRS Chapter 40 Notice) on Sunridge and various subcontractors. In August 2016, approximately seven years and three months after the home was built, Byrne filed a construction defect lawsuit

against Sunridge, Lands West as Sunridge's alter ego or successor and, subsequently, other subcontractors, who are respondents in this appeal.[1] Three months after initially appearing in the case, Lands West offered Byrne a settlement of $10,001. Byrne did not respond to the offer, thereby rejecting it. A few months later, Byrne failed to respond to Sunridge's settlement offer of $50,000.

Sunridge and Lands West moved for summary judgment, arguing that because Byrne's construction defect action was filed more than six years after the home was built, it was barred by the statute of repose. Byrne countered that by serving an NRS Chapter 40 Notice during the statutory grace period, she effectively tolled the case. The district court granted Sunridge and Lands West's motion, concluding that because Byrne failed to file her lawsuit during the grace period and the statute of repose had run, her claim was time-barred.[2] It reasoned that although Byrne served an NRS Chapter 40 Notice within the grace period, the provision permitting a claimant's service of an NRS Chapter 40 Notice to toll the

---

[1]All but one of the respondents in this appeal filed a joint answering brief. Respondent Green Planet Landscaping, LLC, filed its own answering brief. Although we frame our analysis in terms of Sunridge and Lands West, our holding regarding the timeliness of Byrne's claim applies to all respondents in this case.

[2]The district court subsequently issued a nunc pro tunc order granting summary judgment on the same grounds for all respondents in this appeal.

statute of repose did not apply because Byrne served such notice after the statute of repose had already expired.[3]

Sunridge and Lands West independently moved for attorney fees. The district court denied Sunridge's motion but granted Lands West's, explaining that Byrne knew or should have known that Lands West was not the general contractor and therefore did not bring her action against Lands West in good faith. This appeal follows.

## DISCUSSION

We first consider whether the district court erred in granting summary judgment in favor of respondents based on its determination that Byrne's action was time-barred. We then assess whether the district court abused its discretion in awarding attorney fees to Lands West.

*The district court did not err in granting summary judgment in favor of respondents because Byrne's action was time-barred*

We review a district court order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment may be granted for a party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty.*

---

[3]The district court also rejected Byrne's equitable estoppel argument. Because Byrne does not challenge the district court's conclusion regarding equitable estoppel, we need not consider it. *Cf. Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (holding that this court need not consider claims that are not cogently argued or supported by relevant authority).

*Bancorp, Inc.*, 132 Nev. 49, 55, 366 P.3d 1105, 1109 (2016) (quoting former NRCP 56(c)).

For construction defect actions, a claimant must file a lawsuit within the statute of repose. "[A] statute of repose bars a cause of action after a specified period of time regardless of when the cause of action was discovered or a recoverable injury occurred." *FDIC v. Rhodes*, 130 Nev. 893, 899, 336 P.3d 961, 965 (2014). Prior to 2015, depending on the category of defect, the statute of repose ranged from 6 to 12 years, as measured from the date of the home's substantial completion. NRS 11.203-.205 (2014). In February 2015, however, the Legislature enacted A.B. 125 in part to amend the statute of repose for construction defect actions to 6 years for all defects. 2015 Nev. Stat., ch. 2, at 2 (enacting A.B. 125).[4]

The 6-year statute of repose applied retroactively. 2015 Nev. Stat., ch. 2, § 21(5), at 21. However, the Legislature created a grace period to protect claimants adversely affected by the retroactive change. *Id.* § 21(6), at 21;[5] *see also id.*, Legislative Counsel's Digest, at 4 (explaining that section 21 provided that the statute of repose applied retroactively and simultaneously established a 1-year grace period). Relevant here, the grace period mandated that the new statute of repose did not limit "an action . . . [t]hat accrued before the effective date of [A.B. 125], and was

---

[4]In 2019, the Legislature expanded the statute of repose for construction defect actions from 6 years to 10 years for all defects. 2019 Nev. Stat., ch. 361, § 7(1), at 2262. Byrne specified in her briefing that this amendment was irrelevant to her appeal, and we therefore need not consider it.

[5]The statute of repose's retroactivity and the grace period were not codified in the Nevada Revised Statutes. Rather, such provisions appear only in the 2015 session laws. *See* 2015 Nev. Stat., ch. 2, § 21(5)-(6), at 21.

*commenced* within 1 year after the effective date of [A.B. 125]." *Id.* § 21(6), at 21 (emphasis added).

Byrne argues that her claim was timely even though she filed it after the grace period expired because, within the grace period, she adequately served an NRS Chapter 40 Notice on the builder. The ultimate goal of statutory construction is to effect the Legislature's intent. *Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010). Where a statute is clear and unambiguous, this court will give effect to the ordinary meaning of the plain language of the text without turning to other rules of construction. *Id.*

We determine that the grace period's plain language is clear and unambiguous: a claimant must have "commenced" an action—meaning filed a lawsuit within the grace period, not merely served an NRS Chapter 40 Notice—to preserve his or her action. *See* 2015 Nev. Stat., ch. 2, § 21(6); *see also* NRS 40.645 (delineating between serving notice and commencing an action); *Commencement of an Action, Black's Law Dictionary* (11th ed. 2019) ("The time at which judicial or administrative proceedings begin, typically with the filing of a formal complaint."). There is simply no other reasonable interpretation of the word "commenced" in this context.

Byrne had until May 2015—six years after the home's substantial completion—to file her action under the statute of repose. She did not. Furthermore, Byrne had until February 2016—one year after the effective date of A.B. 125—to file her lawsuit within the grace period. She did not. Byrne's lawsuit filed in August 2016 was therefore time-barred.

*Service of an NRS Chapter 40 Notice during the grace period did not toll the statute of repose*

Byrne specifically contends that her service of an NRS Chapter 40 Notice on the builder within the grace period tolled the statute of repose. We disagree.

It is true that service of an NRS Chapter 40 Notice can toll the statute of repose. *See* NRS 40.695(1) (providing that the statute of repose tolls from the time an NRS Chapter 40 Notice is served for either 1 year, or 30 days after mediation is concluded or waived"). However, by the time Byrne served an NRS Chapter 40 Notice in December 2015, the statute of repose had already expired. In other words, in December 2015, there was no statute of repose left to toll. Furthermore, the grace period itself did not constitute a new statute of repose subject to tolling. Rather, the grace period was a distinct mechanism established by the Legislature, by which a claimant could have saved his or her claim from being suddenly time-barred due to the shortened, retroactive statute of repose. In order to salvage a claim under the grace period, a claimant had to commence an action.

We also reject Byrne's argument that the grace period's requirement for a claimant to commence a lawsuit conflicts with NRS Chapter 40's prelitigation process. NRS Chapter 40 requires a claimant to follow an extensive prelitigation process prior to filing his or her lawsuit, including serving an NRS Chapter 40 Notice on the builder. *See* NRS 40.647(1). If a claimant fails to comply with the prelitigation process before filing his or her lawsuit, the court must dismiss the action without prejudice. NRS 40.647(2)(a). However, if dismissal of the action would prevent the claimant from filing another lawsuit due to the statute of

repose, "the court shall stay the proceeding pending compliance" of the prelitigation process. NRS 40.647(2)(b).

Nothing prevented Byrne from filing her lawsuit within the grace period and prior to completing the prelitigation process. In fact, NRS 40.647(2)(b) specifically contemplates the scenario in which a claimant must choose between completing the prelitigation process and filing an action before it is time-barred. In this instance, Byrne should have timely filed her lawsuit, at which point the court would have been obligated to stay the proceedings pending compliance with the prelitigation process if dismissal of the action would have prevented Byrne from timely filing another lawsuit. The grace period's requirement for a claimant to commence a lawsuit is therefore in harmony with NRS Chapter 40. Accordingly, Byrne's action was time-barred, and the district court did not err in granting summary judgment in favor of respondents.[6]

*The district court abused its discretion in awarding attorney fees to Lands West*

We next consider whether the district court abused its discretion in awarding attorney fees of $94,662.50 to Lands West. When a party rejects an offer and fails to obtain a more favorable judgment in a construction defect action, the district court may order the party to pay reasonable attorney fees incurred by the opposing party that made the offer. NRS 40.652(4)(d). To determine whether an award of attorney fees is appropriate, the district court must evaluate four factors:

---

[6]Because we hold that the statute of repose barred Byrne's action against all respondents, we need not address respondent Green Planet Landscaping's additional argument that the statute of repose did not toll for claims against it because it did not receive an NRS Chapter 40 Notice from Byrne directly.

(1) [W]hether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983); *see also* NRCP 68 (providing rules for awarding attorney fees based on offers of judgment). The district court's proper evaluation of the *Beattie* factors will not be disturbed absent a clear abuse of discretion. *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nev.*, 116 Nev. 415, 423, 997 P.2d 130, 136 (2000). Byrne argues that the district court clearly abused its discretion by misapplying the first three *Beattie* factors to conclude that Lands West was entitled to attorney fees. We agree.

First, the district court incorrectly relied on the fact that Byrne knew or should have known that Lands West was not the general contractor in finding that she did not bring her claim in good faith. Because Byrne alleged in her complaint that Lands West was liable as Sunridge's alter ego or successor, not only as the general contractor itself, the district court's reliance on this fact was misguided.

As to the second factor, the district court inappropriately weighed Byrne's knowledge that the statute of repose might pose a problem in finding that Lands West's offer was reasonable. Although Byrne's action was ultimately time-barred, the statute of repose issue was difficult to analyze and remained an unresolved legal matter. Moreover, Lands West's $10,001 offer just three months into the case, before any relevant discovery took place, was unreasonable in light of Byrne's alleged damages of $1.8 million.

Finally, regarding the third factor, the district court improperly found that Byrne had enough information to terminate her claim against Lands West and accept the offer. Nothing indicates that Byrne's rejection of the offer was grossly unreasonable or made in bad faith.

Ultimately, the district court granted Lands West's motion for attorney fees but denied Sunridge's motion for attorney fees, even though Sunridge's offer was approximately five times greater than and served four months after Lands West's. The district court mistakenly based this distinction on the fact that Lands West was not the general contractor, thereby ignoring Byrne's allegation that Lands West was Sunridge's alter ego or successor. We conclude that the district court's application of the *Beattie* factors in its order awarding Lands West attorney fees should have been nearly identical to its application of the factors in its order denying Sunridge attorney fees. If anything, Sunridge's offer was more attractive in both amount and timing. It is clear that Byrne's claim against Lands West was brought in good faith, Lands West's offer was unreasonably low and premature, and Byrne's decision to reject Lands West's offer was not grossly unreasonable. Accordingly, the district court clearly abused its discretion in awarding Lands West attorney fees.

## CONCLUSION

We hold that a claimant must have filed a construction defect lawsuit within the grace period, not merely served an NRS Chapter 40 Notice, to preserve his or her claim after the 6-year statute of repose had run. Because Byrne failed to file a lawsuit within the grace period and the statute of repose had run, we conclude that her action was time-barred and therefore affirm the district court order granting summary judgment in favor of respondents. However, we determine that the district court abused

SUPREME COURT
OF
NEVADA

(O) 1947A

11

its discretion in awarding attorney fees to Lands West and therefore reverse the district court order granting Lands West's motion for attorney fees and remand for further proceedings consistent with this opinion.

_____, J.
Stiglich

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver