JOSEPH WILLIAMS, APPELLANT, *v.*
UNITED PARCEL SERVICES, RESPONDENT.

No. 59226

June 6, 2013                                302 P.3d 1144

---

*Benson, Bertoldo, Baker & Carter* and *Javier A. Arguello*, Las Vegas, for Appellant.

*Lewis Brisbois Bisgaard & Smith LLP* and *Daniel L. Schwartz*, Las Vegas, for Respondent.

Before GIBBONS, DOUGLAS and SAITTA, JJ.

## OPINION

By the Court, SAITTA, J.:

NRS 616C.390(5) bars an employee from applying to reopen his or her workers' compensation claim after a year from its closure

if the employee "was not off work as a result of the injury." Appellant Joseph Williams suffered a workplace injury in the course of his employment with respondent United Parcel Services (UPS) and, after receiving medical treatment, missed the remainder of his scheduled work shift pursuant to his treating physician's orders. More than one year after the closure of his workers' compensation claim, Williams sought to reopen that claim. UPS denied that request, and its decision was affirmed by an appeals officer. In reaching her conclusion, the appeals officer interpreted NRS 616C.390(5) as requiring that an injured employee miss five days of work as a result of the injury to be considered "off work" within the bounds of that statute. But NRS 616C.390(5) does not include any such requirement for an employee to be considered "off work." We therefore conclude that the appeals officer erred in reading a minimum-time-off-work requirement into the statute and that, because Williams missed the remainder of his shift on the day of his injury, he was off work as a result of his injury and was therefore not subject to the one-year limit on the reopening of claims. Thus, we reverse the district court's denial of Williams' petition for judicial review and direct the district court to remand this matter to the appeals officer for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On January 13, 2006, two hours into his shift, Williams was standing on a ladder that elevated him eight feet off the ground. He was working with live wires and received an electric shock, causing him to fall to the ground and land on his back. Within a half hour of the accident, Williams sought medical attention, and Dr. Allen Schwartz treated him. The C-4 form filled out by Dr. Schwartz reveals diagnoses including a left ankle/foot contusion, a lumbar abrasion, and electrical shock. Dr. Schwartz prohibited Williams from working on January 13 and 14. Subsequently, Williams missed the remainder of his scheduled shift on January 13. He was cleared to return to regular duty beginning January 15, and he returned to work on January 16. Williams was not scheduled to work on January 14 and 15, but he claimed to be on-call for these two days.

After his accident, the insurer for respondent UPS issued a notice of claim acceptance to Williams, identifying that it would provide compensation for Williams' injuries to his left ankle/foot, left lower leg, and left hand. The notice did not list any compensation for Williams' back. It provided that Williams could appeal the claim acceptance within 70 days of the date upon which the notice was mailed. Williams did not appeal the notice of claim acceptance. A few months later, UPS's insurer issued to Williams a

notice of intent to close his claim within 70 days from the notice's date and of Williams' right to appeal this determination within that period of time. Also, the notice informed Williams of the right to reopen his claim under NRS 616C.390. Williams did not exercise the option to appeal the notice's determination.

Two years after his claim's closure, Williams experienced back and muscle pain and fatigue in his legs. He underwent medical procedures that revealed damage to his back. As a result, Williams asked UPS's insurer to reopen his claim, attributing the cause of his back issues to his 2006 work-related accident. The insurer denied the request because it deemed that there was a lack of medical evidence to justify the claim's reopening.

Before a hearing officer, Williams challenged the denial of his request to reopen his claim. The hearing officer affirmed the denial. Williams appealed the hearing officer's decision to an appeals officer. After referencing NRS 616C.390's legislative history, the appeals officer interpreted the statute to mean that an employee was barred from applying to reopen his or her claim after a year from the claim's closure if the employee did not miss at least five days of work as a result of the injury and "did not receive a permanent partial disability award." Because Williams did not satisfy these requirements, the appeals officer concluded that Williams "was not 'off work' as contemplated by NRS 616C.390(5)" and that NRS 616C.390(5) barred him from reopening his claim. Williams then sought judicial review of the appeals officer's decision, but the district court denied the petition, and this appeal followed.

## DISCUSSION

This appeal presents the question of when an employee, who seeks to reopen a closed workers' compensation claim, is deemed to have been "off work" as a result of an industrial injury for the purpose of determining whether, under NRS 616C.390(5), the employee may reopen his or her claim when more than one year has passed since the claim's closure. NRS 616C.390(5) provides that:

> [a]n application to reopen a claim must be made in writing within 1 year after the date on which the claim was closed if:
>     (a) The claimant was not *off work* as a result of the injury; and
>     (b) The claimant did not receive benefits for a permanent partial disability.

(Emphasis added.) In interpreting and applying this statute to determine whether Williams could reopen his claim, even though it had been closed for more than one year, the appeals officer con-

cluded that an injured employee must have been off work for five or more days or have received a permanent partial disability award in order to be considered off work as a result of the injury. And because Williams was not off work for five days and did not receive any benefits, the appeals officer concluded that Williams was not entitled to reopen his claim.

On appeal, Williams challenges the appeals officer's interpretation of NRS 616C.390(5)'s off-work requirement. As we have not previously addressed this statute, we examine NRS 616C.390(5)'s role in Nevada's workers' compensation scheme before turning to the appeals officer's interpretation of NRS 616C.390(5).

*The role of NRS 616C.390(5) in Nevada's workers' compensation scheme*

NRS 616C.390(5) establishes a one-year time limit from the date of a claim's closure for certain workers' compensation claimants to apply to reopen their claims. Under the statute's terms, if the claimant was off work or received permanent partial disability benefits, then the one-year limitations period set forth in this statute does not apply to the reopening of the claim. *Id.* But if the claimant was not off work and did not receive benefits for a permanent partial disability, the application to reopen the claim must be brought within one year of the date of claim closure. *Id.*

This court has consistently treated the time limitations set forth in Nevada's workers' compensation statutes as establishing a jurisdictional bar to further review when the required action is not taken within the time period delineated in those statutes. *See Seino v. Emp'rs Ins. Co. of Nev.*, 121 Nev. 146, 150, 111 P.3d 1107, 1110 (2005) ("Statutory periods for requesting administrative review of workers' compensation determinations are mandatory and jurisdictional."); *Reno Sparks Convention Visitors Auth. v. Jackson*, 112 Nev. 62, 66-67, 910 P.2d 267, 270 (1996) (recognizing that the failure to appeal an administrative determination within the prescribed time period precluded consideration of the appeal). We see no reason to depart from this well-established approach, and thus, we likewise conclude that where the reopening of a claim is subject to the limitations period set forth in NRS 616C.390(5), the failure to apply to reopen the claim within this period acts as a jurisdictional bar to the reopening of the claim. *See, e.g., Barnes v. Workers' Comp. Appeals Bd.*, 2 P.3d 1180, 1186 (Cal. 2000); *Budget Luxury Inns, Inc. v. Boston*, 407 So. 2d 997, 999 (Fla. Dist. Ct. App. 1981); *but see Ball v. Indus. Comm'n*, 503 P.2d 1040, 1042-43 (Colo. App. 1972) (concluding that a similar lim-

itation on the time for reopening claims constitutes a waivable defense rather than a jurisdictional bar), *overruled on other grounds by Kuckler v. Whisler*, 552 P.2d 18, 19 (Colo. 1976); *Gragg v. W. M. Harris & Son*, 284 S.E.2d 183, 186 (N.C. Ct. App. 1981) (same). With this conclusion in mind, we now address the appeals officer's interpretation of NRS 616C.390(5)'s off-work requirement and her conclusion that Williams was not off work and was therefore subject to the one-year time limit for applying to reopen his claim.

*The plain meaning of NRS 616C.390(5) and its effect on Williams' application*

Williams asserts that NRS 616C.390(5) does not preclude an employee from applying to reopen his or her claim after a year from the claim's closure if the employee misses time from work as a result of his or her injury. He argues that the appeals officer erred in applying NRS 616C.390(5) as a bar to his application to reopen his claim, contending that he was off work under NRS 616C.390(5) because the treating physician prohibited him from working until two days after the accident.

UPS responds that the appeals officer correctly interpreted and applied NRS 616C.390(5). It argues that the appeals officer reasonably concluded, after referencing legislative history, that NRS 616C.390(5) barred employees, such as Williams, from applying to reopen their claims if they did not miss at least five days of work as a result of their injuries.

We review an administrative decision in the same manner as the district court. *Riverboat Hotel Casino v. Harold's Club*, 113 Nev. 1025, 1029, 944 P.2d 819, 822 (1997). In that context, questions of law, such as statutory interpretation, are reviewed de novo. *Id.*; *see Irving v. Irving*, 122 Nev. 494, 496, 134 P.3d 718, 720 (2006). "When a statute is clear and unambiguous, we give effect to the plain and ordinary meaning of the words . . . ." *Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010). Provisions are read as a whole, with effect given to each word and phrase. *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 370, 252 P.3d 206, 209 (2011). In the absence of an ambiguity, we do not resort to other sources, such as legislative history, in ascertaining that statute's meaning. *See Cromer*, 126 Nev. at 109, 225 P.3d at 790; *State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.*, 116 Nev. 290, 293-94, 995 P.2d 482, 485 (2000). Our duty is to interpret the statute's language; this duty does not include expanding upon or modifying

the statutory language because such acts are the Legislature's function. *Washoe Med. Ctr., Inc. v. Reliance Ins. Co.*, 112 Nev. 494, 498, 915 P.2d 288, 290 (1996).

In attempting to determine the requirements for reopening a claim after a year from its closure, the appeal's officer erroneously relied upon unpersuasive legislative history regarding a bill that the 2001 Legislature was considering but never voted upon. A.B. 46, 71st Leg. (Nev. 2001). After reviewing this legislative history, the appeals officer concluded that an employee is able to reopen a claim after a year from its closure only if the employee missed at least five days of work as a result of the injury or received a permanent partial disability award; because Williams did not satisfy these requirements, the appeals officer determined that he could not reopen his claim. UPS relies on similar legislative history in advancing the same interpretation of NRS 616C.390(5).

The appeals officer erred in relying upon this legislative history because NRS 616C.390(5) lacks an ambiguity that requires looking beyond the statute's plain meaning. NRS 616C.390(5) provides that an employee who was off work as a result of his or her injury is not precluded from reopening his or her claim after a year from the claim's closure. The statute's language does not condition an employee's ability to reopen a claim on the amount of time the employee was off work. Rather, NRS 616C.390(5) conditions an employee's ability to reopen a claim on either receiving a permanent partial disability award or losing time from work and a causal relationship between the injury and that time off work.

Here, Williams lost time from work on the date of his accident and as a result of his injury. After diagnosing Williams' injuries, Dr. Schwartz noted on the C-4 form that he prohibited Williams from working the remainder of his shift. Williams missed the remaining time of his scheduled shift on the date of his accident pursuant to Dr. Schwartz's instruction not to work. Thus, Williams was off work as a result of his injury under the plain meaning of NRS 616C.390(5).

We acknowledge UPS's concern that the interpretation of NRS 616C.390(5) adopted here may allow an employee to apply to reopen his or her claim after a year from the claim's closure if the employee missed any amount of time from work as a result of the injury. Regardless, our task is to interpret NRS 616C.390(5) based on its plain meaning; we cannot expand or modify the statutory language by imposing the requirements that the Legislature contemplated in A.B. 46 but did not add to the statute, nor is the appeals officer in a position to read language into a statute. *See Washoe Med. Ctr., Inc.*, 112 Nev. at 498, 915 P.2d at 290. If UPS or other employers believe that the statute must include more re-

quirements to limit an employee's ability to reopen a claim after a year from the claim's closure, this effort to alter the statute must be taken up with the Legislature and not this court. *See id.*

Accordingly, we conclude that the plain meaning of NRS 616C.390(5) does not bar an employee from applying to reopen his or her claim after a year from its closure if the employee missed time from work as a result of his injury. The statute does not condition this right to apply to reopen one's claim on losing a certain amount of time from work. Thus, NRS 616C.390(5) does not bar Williams' application to reopen his claim because Williams was off work as a result of his injury when he followed the treating physician's order to not work the remainder of his shift on the date of his accident.[1] But for his fall and injuries, Williams would not have lost this time from work.

## CONCLUSION

In light of our conclusions above, we reverse the district court's denial of the petition for judicial review and remand this matter to the district court. Upon remand, the district court shall instruct the appeals officer to reexamine Williams' claim, considering the appropriate evidence in light of NRS 616C.390(1).[2]

GIBBONS and DOUGLAS, JJ., concur.

---

[1]Though the parties raise arguments as to whether Williams proffered enough evidence to reopen his claim under NRS 616C.390(1), the appeals officer did not reach this issue upon concluding that NRS 616C.390(5) barred Williams' application to reopen his claim. As a result, we do not reach this issue, which must first be addressed by the appeals officer. *See Langman v. Nev. Adm'rs, Inc.*, 114 Nev. 203, 206-07, 955 P.2d 188, 190 (1998) (recognizing that this court's role in reviewing an administrative decision is to determine the propriety of the agency's decision in light of the evidence presented to the agency); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (noting that ''an appellate court is not an appropriate forum in which to resolve disputed questions of fact'').

[2]We have considered the remaining contentions on appeal and conclude that they lack merit.