# IN THE SUPREME COURT OF THE STATE OF NEVADA

CITY OF NORTH LAS VEGAS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KENNETH C. CORY, DISTRICT
JUDGE,
Respondents,
 and
5TH & BROOKS, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
CENTRAL TELEPHONE COMPANY, A
DELAWARE CORPORATION;
HUALAPAI DEVELOPMENT LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AMERICAN CLASSIC
MOTORS, LLC, A NEVADA LIMITED
LIABILITY COMPANY; KERR &
ASSOCIATES; LOIS MONTELEONE,
AN INDIVIDUAL; SOUTHWEST
PAVING & GRADING, INC., A NEVADA
CORPORATION; ROBERT FORD, AN
INDIVIDUAL; ARNOLD CLARK, AN
INDIVIDUAL; AND CLARK COUNTY,
A POLITICAL SUBDIVISION OF THE
STATE OF NEVADA,
Real Parties in Interest.

No. 68263

FILED

MAY 17 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER GRANTING PETITION[1]*

---

[1]The Honorable Lidia S. Stiglich, Justice, did not participate in the decision in this matter.

17-16475

This is an original petition for a writ of mandamus or prohibition challenging a district court order granting a motion to bifurcate an eminent domain proceeding.

Petitioner City of North Las Vegas (CNLV) instituted condemnation proceedings against all interested parties to an 18-acre parcel of land, Assessor Parcel Number 139-15-603-002. Real party in interest Arnold Clark claimed a 4-acre ownership interest in the 18-acre parcel based on an agreement with real party in interest 5th & Brooks, LLC, in which 5th & Brooks owned the northern 14 acres. Despite this agreement, the parcel was never subdivided pursuant to NRS 278.590(1).

In the eminent domain proceedings, Clark and 5th & Brooks answered and cross-claimed against each other for quiet title. Without notice to CNLV, they submitted an ex parte stipulation and proposed order quieting title to the district court, which signed and entered it. The stipulation and order declared that, since 2006, Clark is and has been the owner of the southern 4 acres of the property and 5th & Brooks is and has been the owner of the northern 14 acres. Clark and 5th & Brooks then recorded the order quieting title, in which the county assessor assigned separate parcel numbers to the 4- and 14-acre lots. Thereafter, Clark and 5th & Brooks moved to bifurcate the eminent domain proceedings based on NRS 37.070(2), which allows owners of separate parcels of land to request separate trials. CNLV opposed the motion, arguing that the property's status was determined as of the date the eminent domain proceeding commenced, meaning a single parcel and not multiple parcels were involved and the stipulation and order quieting title, of which CNLV received no notice or opportunity to oppose, should only apply prospectively because the valuation date had passed. The district court

granted Clark and 5th & Brooks' motion to bifurcate, concluding that the alleged existence of two separate parcels entitled Clark and 5th & Brooks to request separate trials. CNLV then petitioned this court for extraordinary relief.

Having considered the petition, we are persuaded that our extraordinary intervention is warranted in the interests of judicial economy in order to avoid the waste of an inevitable do-over that will follow the bifurcated trials the district court improperly directed. *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197-98, 179 P.3d 556, 558-59 (2008) (noting that the right to appeal from a future final judgment is not always an adequate legal remedy precluding writ relief, such as when the case is at early stages of litigation and writ relief would promote policies of sound judicial administration).

Clark and 5th & Brooks' Purchase and Sale Agreement, along with subsequent settlement agreements, suggest that they intended to subdivide the 18-acre parcel, with 4 acres to Clark and 14 acres to 5th & Brooks. Despite this, Clark and 5th & Brooks failed to record a parcel map as required by NRS 278.590(1), which makes it "unlawful" to subdivide a parcel without following its statutory requirements. Violation of the statute, though, does not necessarily render the conveyance void. *See, e.g., Save Mount Diablo v. Contra Costa Cty.*, 193 Cal. Rptr. 3d 611, 620 (Ct. App. 2015) (recognizing that a conveyance in violation of the subdivision act is illegal, but noting that "it effectively transfers title, and the transfer is binding on the grantee's successors in interest"); *Kalway v. City of Berkeley*, 60 Cal. Rptr. 3d 477, 484 (Ct. App. 2007) ("That a transfer is not authorized by the Act, or that it violates the Act, does not in and of itself allow an agency to seek and obtain cancellation of the deed through

court action."); *Paul v. Stone Artisans, Ltd.*, 20 N.E.3d 883, 888 (Ind. Ct. App. 2014) ("[B]ecause we value freedom of contract so highly, we will not void a contract for contravening a statute unless the statute dictates unambiguously that such contravention renders a contract void." (internal quotation marks omitted)); *Quality Health Care Mgmt., Inc. v. Kobakhidze*, 977 N.Y.S.2d 568, 575 (Sup. Ct. 2013) ("Even upon finding that a statute has been violated, a court need not void an agreement if the statute does not expressly state that violations would nullify a contract . . . .").

The problem is that, even crediting the validity of the conveyance, a conveyance in violation of NRS 278.590 does not effectively subdivide the parcel; rather, it creates an ownership interest in the parcel as a whole. *See* 4A Julius L. Sackman, *Nichols on Eminent Domain* § 14B.01 (3d ed. 2016) ("A question often arises as to how to determine what areas are portions of the parcel being condemned, and what areas constitute separate and independent parcels? Typically, the legal units into which land has been legally divided control the issue. That is, each legal unit (typically a tax parcel) is treated as a separate parcel . . . ."); *see also Kalway*, 60 Cal. Rptr. 3d at 482-83, 486 (concluding that "the City is entitled to ignore the [illegal] transfer and merge the parcels, [despite the fact that] the grant deed is not actually void or voidable by the City under the [Subdivision] Act," and reasoning that the Kalways' interpretation would allow "property owners to avoid merger by the simple expedient of transferring paper title to someone else" and "would discourage open discussion and planning by local agencies, as it would create a loophole for any property owner receiving advance warning of a potential merger").

Here, as of the date of valuation, which is "the date of the first service of the summons" in the eminent domain proceedings, NRS 37.120(1), the legal description of the property showed one parcel consisting of 18 acres. Though Clark and 5th & Brooks intended to divide the property prior to the condemnation proceedings, their failure to follow the statutory requirements of NRS 278.590(1) resulted in one single parcel with multiple ownership interests. To interpret NRS 278.590(1) otherwise would render the statutory subdivision requirements meaningless, as it would allow parties to circumvent the subdivision procedures, thwarting municipalities' efforts to effectively zone and plan public and private lands because individuals could simply contract to subdivide their land without providing municipalities with current and accurate parcel maps. "[W]e avoid statutory interpretation that renders language meaningless or superfluous." *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011).

In this case, the district court manifestly erred when it concluded that Clark and 5th & Brooks' intent to subdivide the parcels, evidenced by contract but without following the provisions of NRS 278.590(1), resulted in two separate parcels, entitling them to bifurcated proceedings under NRS 37.070(2). Instead of two legally separate parcels, the parties retain ownership interests in a single 18-acre parcel, in whatever shares they may have agreed. For instance, Clark's ownership interest may be 4/18ths or 22.22% of the 18-acre parcel, with the remaining land owned by 5th & Brooks. However, the exact ownership interests do not need to be resolved at this stage of the proceedings involving CNLV as NRS 37.115 allows CNLV to condemn and obtain valuation of the 18-acre property as a whole in a first and separate proceeding before a later proceeding to determine the respective interests

between Clark and 5th & Brooks in the proceeds resulting from the condemnation award. As this question raises issues that are effectively unreviewable if trial proceeds on a bifurcated basis, we grant CNLV's petition so that this case may proceed pursuant to NRS 37.115. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to reverse its order granting the motion to bifurcate proceedings.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

cc:    Hon. Kenneth C. Cory, District Judge
North Las Vegas City Attorney
Chapman Law Firm, P.C./Reno
Law Offices of Brian C. Padgett
Lizada Law Firm, Ltd.
Law Offices of Kermitt L. Waters
Royal & Miles, LLP
Clark County District Attorney/Civil Division
McDonald Carano Wilson LLP/Reno
Michael R. Mushkin & Associates, P.C.
Law Offices of P. Sterling Kerr
Henderson City Attorney
Eighth District Court Clerk

GIBBONS, J., concurring in part and dissenting in part:

I concur in part and dissent in part with the result reached by the majority, but I write to express concern with the instant petition's unresolved factual determinations and the majority's analytical methodology.

To begin, I concur with the majority that the petition should be granted in part. Because CNLV filed its complaint for condemnation and motion for immediate occupancy on April 30, 2013, CNLV was entitled to notice and the opportunity to object to the stipulation submitted by Arnold Clark and 5th & Brooks, LLC (the Landowners), to divide the parcel in question, consisting of 18 acres, into two new parcels of approximately 4 acres and 14 acres. CNLV had an interest in the said real property pursuant to its complaint and motion for immediate occupancy. As such, CNLV has a right to present evidence and argument to the district court as to why the stipulation creating the two new parcels should not be approved by court order. However, I disagree with the majority's resolution of the remaining issues for the reasons set forth below.

First, I believe the majority overlooks unresolved factual issues that must be addressed by the district court. It appears uncontested that on February 26, 2004, the Landowners filed an application with CNLV to divide the 18-acre parcel in question into two parcels of 14 acres and 4 acres; the Landowners subsequently entered into a land sale contract in 2006 between themselves to effectuate the division of the parcel; that this land sale contract was recorded in Clark County on August 26, 2012; and finally, that this land sale contract was an exception to marketable title when CNLV filed its condemnation complaint nine

months later. However, a closer review of the factual background of the instant petition reveals a material dispute as to whether CNLV acted in bad faith by not approving that parcel map and returning it to the Landowners for recordation—a question that must be resolved by the district court before this court can properly afford relief to the parties.

Moving to the majority's analysis, I believe the majority has relied, in large part, upon a point not sufficiently raised before the district court. It appears that CNLV did not sufficiently argue to the district court that the new parcels could not be created in view of the language of NRS 278.461 and 278.590. CNLV first made this argument in its petition and, therefore, the argument should not be considered by this court. *See Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 132 Nev., Adv. Op. 77, 383 P.3d 246, 248 n.2 (2016) (declining to entertain issues in writ petition that were not raised in district court (citing *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981))).

Next, I believe the majority inappropriately examines legislative history for a statute that is plain on its face. The majority focuses on CNLV's contention that, pursuant to NRS 37.070, the district court does not have the authority to bifurcate the trial for each of the defendants because they jointly owned one legal parcel in existence at the time CNLV filed its complaint. I disagree with this contention and believe it runs afoul of the plain language of NRS 37.070(2). NRS 37.070(2) plainly provides that *"[e]ach defendant, at the defendant's option, may have a separate trial."* (Emphasis added.) In its petition, CNLV cites to the legislative history of the adoption of a similar California statute to support its contention that this statute should be interpreted only to allow each owner to have a separate damages trial if the Landowner owns more

than one parcel. However, this court does not need to review any legislative history in view of the fact that the statutory language is clear and has a plain meaning. *See Williams v. United Parcel Servs.*, 129 Nev. 386, 391, 302 P.3d 1144, 1147 (2013) ("When a statute is clear and unambiguous, we give effect to the plain and ordinary meaning of the words. . . . In the absence of an ambiguity, we do not resort to other sources, such as legislative history, in ascertaining that statute's meaning." (internal quotation marks omitted)). As such, the district court properly interpreted NRS 37.070(2) and, thus, did not abuse its discretion in bifurcating the trial for damages at the request of the Landowners.

In summary, the district court should hold an evidentiary hearing to allow each of the parties to present factual evidence in support of their arguments as to whether the court should approve the stipulation to create the two existing parcels. At that time, CNLV can argue the legal effect of NRS 278.461 and 278.590. The district court should then make findings of fact and conclusions of law which this court can review to determine if there is an abuse of discretion. This court is not a fact finder and it is necessary for the district court to make factual findings together with the conclusions of law. Indeed, as an appellate court, "we are a court of review, not of first view." *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005). Because the issues discussed above do not allow for a proper review, I respectfully dissent.

_____, J.
Gibbons