# IN THE SUPREME COURT OF THE STATE OF NEVADA

RUTT PREMSRIRUT, AN
INDIVIDUAL; MAXWELL STEINBERG,
AN INDIVIDUAL; AND VALTUS REAL
ESTATE, LLC,
Appellants,
vs.
REPUBLIC SILVER STATE DISPOSAL,
INC., D/B/A REPUBLIC SERVICES,
Respondent.

No. 74237

**FILED**

SEP 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss in a lien and tort action. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Republic Silver State Disposal, Inc. (Republic) provides waste collection services in Clark County, Nevada. In the interest of public health, Republic is not permitted to discontinue service for a property if a homeowner fails to pay waste collection fees. Instead, as a remedy for failure to pay collection fees, the Legislature provided a mechanism in NRS 444.520 for waste collectors, such as Republic, to place a lien on a property in the event of nonpayment.

In the instant case, appellants Rutt Premsrirut, Maxwell Steinberg, and Valtus Real Estate, LLC (Property Owners) purchased properties on which Republic had obtained NRS 444.520 liens for failure to pay waste collection fees. As part of the purchase, in order to obtain clear title, they were required to pay off the amounts owed to Republic. The Property Owners filed suit against Republic, claiming that Republic

19-40008

unlawfully placed multiple liens on a property in violation of NRS 444.520, which they argued only allows for one perpetual lien per property. Additionally, they claimed that Clark County Ordinance (CCO) 9.04.250 only allows for one administrative fee per lien, but that Republic improperly imposed two fees per lien, one for filing and maintaining the lien and one for releasing the lien. The district court dismissed the action, ruling that NRS 444.520 allows for multiple liens on a piece of real property and that CCO 9.04.250 allows for two separate administrative fees, one for filing and maintaining the lien and one for releasing it.

On appeal, the Property Owners first argue that the language of NRS 444.520 only allows for a single waste collection lien per property. We review questions of statutory interpretation and construction de novo. *Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014) (tort); *I. Cox Constr. Co. v. CH2 Invs., LLC*, 129 Nev. 139, 142, 296 P.3d 1202, 1203 (2013) (mechanic's lien). Generally, a statute is "given [its] plain meaning, construed as a whole, and read in a manner that makes the words and phrases essential and the provisions consequential." *City of Henderson v. Amado*, 133 Nev. 257, 259, 396 P.3d 798, 800 (2017).

NRS 444.520 states:

1. The governing body of any municipality which has an approved plan for the management of solid waste may, by ordinance, provide for the levy and collection of other or additional fees and charges and require such licenses as may be appropriate and necessary to meet the requirements of NRS 444.460 to 444.610, inclusive.

. . .

3. Until paid, any fee or charge levied pursuant to subsection 1 constitutes a perpetual lien against the property served, superior to all liens, claims and titles other than liens for general taxes and special assessments. The lien is not extinguished by the sale of any property on account of nonpayment of any other lien, claim or title, except liens for general taxes and special assessments. The lien may be foreclosed in the same manner as provided for the foreclosure of mechanics' liens.

We conclude that this portion of NRS 444.520 is clear and unambiguous.[1] *Williams v. U.P.S.*, 129 Nev. 386, 391, 302 P.3d 1144, 1147 (2013) (providing that when a statute is clear and unambiguous, this court "give[s] effect to the plain and ordinary meaning of the words") (internal quotations omitted)). A plain language reading permits a lien for "any fee or charge." This clearly indicates that the statute allows for multiple liens on a property. The phrase "any fee or charge" implies that there can be multiple fees that could each generate a lien as opposed to if the statute had stated "the fees and charges," which would indicate that all fees and charges could generate only a single lien. Thus, the district court correctly determined that the language of NRS 444.520 is clear and unambiguous and allows for multiple waste collection liens on a single property.

The Property Owners additionally challenge Republic's imposition of two fees for each waste collection lien. The imposition of fees associated with waste collection liens is governed by CCO 9.04.250(b), which states:

---

[1]Our recent opinion in *Waste Management of Nevada, Inc. v. West Taylor Street, LLC,* interpreted a different portion of this statute, so it does not govern our decision here. 135 Nev., Adv. Op. 21, ___ P.3d ___, ___ (2019).

Until paid, any fee or charge levied pursuant to this chapter of the Code constitutes a perpetual lien against the property served, pursuant to the provisions of NRS 444.520. The franchisee may pass through to the owner of the property for which a lien has been filed any fees charged by the county recorder's office for the filing and the release of the lien. In addition to the fees charged by the county recorder's office the franchise may include in the total amount to be assessed to the property owner *an administrative fee to recover costs incurred by the franchisee for filing and maintaining the lien and an administrative fee for the release of the lien.* The administrative charge shall, as of July 1, 2011, not *exceed sixty dollars per lien for the filing and maintenance of the lien or sixty dollars for the release of the lien,* adjusted each year thereafter effective on July 1 for any increase in the annual average CPI-U for the twelve-month period ending December 31, immediately preceding the effective date of the maximum lien administration fee adjustment.

(emphasis added).

"In construing an ordinance we are controlled by the same rules of construction applicable in the construction of statutes." *Carson City v. Red Arrow Garage,* 47 Nev. 473, 484, 225 P. 487, 490 (1924). We conclude that the plain language of CCO 9.04.250(b) provides for the imposition of two fees for each waste disposal lien. *Id.; see City of Henderson,* 133 Nev. at 259, 396 P.3d at 800 ("[S]tatutes are given their plain meaning, construed as a whole, and read in manner that makes the words and phrases essential and the provisions consequential."). The language of the ordinance addresses two separate fees: "an administrative fee to recover costs incurred by the franchisee for filing and maintaining the lien and an administrative fee for the release of the lien." Each fee is administered for a separate purpose. The first is to recover costs incurred for filing and maintaining the

SUPREME COURT
OF
NEVADA

(O) 1947A

4

lien, and the second is to recover costs for "the release of the lien." The ordinance also specifies that up to sixty dollars can be charged for each of these administrative fees. If only one fee were permitted, then these phrases would be meaningless. When the statute is read as a whole, the Property Owners' claim that there should only be one administrative fee fails. *City of Henderson*, 133 Nev. at 259, 396 P.3d at 800. Therefore, the district court correctly determined that the language of CCO 9.04.250(b) is clear and unambiguous and allows the two fees. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Eric Johnson, District Judge
James J. Jimmerson, Settlement Judge
Adams Law Group/Las Vegas
Lewis Roca Rothgerber Christie LLP/Las Vegas
Peterson Baker, PLLC/Las Vegas
Eighth Judicial District Court Clerk