IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF THE PERSONS: M.F.M. AND M.G.M., PROTECTED MINORS. | No. 82469 |
| ERIN NEWPORT, Appellant, vs. MONTRAIL GREEN; AND JERMIA COAXUM-GREEN, Respondents. | **FILED** <br><br> MAY 13 2022 <br><br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY _S. Young_ <br> DEPUTY CLERK |

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition to terminate a guardianship as to minor children. Eighth Judicial District Court, Family Court Division, Clark County; Linda Marquis, Judge.

This appeal implicates NRS 159A.1915, which governs what a parent must establish in order to terminate a guardianship over the parent's child. NRS 159A.1915 provides:

> 1. If, before a protected minor is emancipated, a parent of the protected minor petitions the court for the termination of a guardianship of the protected minor, *the parent has the burden of proof to show by clear and convincing evidence that:*
>
> > (a) There has been a material change of circumstances since the time the guardianship was created. The parent must show that, as part of the change of circumstances, the parent has been restored to suitability as described in NRS 159A.061.
> >
> > (b) Except as otherwise provided in subsection 2, the welfare of the protected minor would be substantially enhanced by the termination of the guardianship and the

22-15247

placement of the protected minor with the parent.

2. *If the parent **consented to the guardianship** when it was created, the parent is required to make only that showing set forth in paragraph (a) of subsection 1.*

(Emphases added.) By its terms, the statute provides that if the parent *did not initially consent* to the guardianship, the parent must satisfy two requirements: (1) that "[t]here has been a material change in circumstances since the guardianship was created," and (2) that "the welfare of the protected minor would be substantially enhanced by the termination of the guardianship." NRS 159A.1915(1). In contrast, if the parent *did initially consent* to the guardianship, the parent must only satisfy the first requirement. NRS 159A.1915(2).

In this case, respondents, who are the aunt and uncle of twin girls M.F.M and M.G.M., filed a petition seeking to appoint themselves as the girls' guardians. In response to the petition, appellant, who is the girls' mother, did not consent to respondents being appointed as guardians; rather, she proposed that the girls' grandfather should be appointed as their guardian and only for a 6-month period. The district court declined to appoint the grandfather as the girls' guardian and declined to impose a time limit on the guardianship, instead deciding to appoint respondents as their guardians and ordering the guardianship to be in place for an undefined duration. A few months later, appellant petitioned to terminate the guardianship. The district court denied the petition. In so doing, it did not address whether appellant had satisfied NRS 159A.1915(1)'s first requirement, but it reasoned that appellant had not consented to the initial guardianship and did not satisfy NRS 159A.1915(1)'s second requirement. On appeal, appellant contends (1) she *did consent* to *a guardianship*, albeit

not the one the district court authorized, such that she is not obligated to satisfy NRS 159A.1915(1)'s second requirement; and (2) even if she were obligated to satisfy the second requirement, the district court erred in finding that she failed to do so. We disagree with both arguments.

Appellant's first argument implicates statutory construction, which we review de novo. *Williams v. United Parcel Servs.*, 129 Nev. 386, 391, 302 P.3d 1144, 1147 (2013). Appellant contends that construing "consented to the guardianship" to mean the specific guardianship ordered by the district court would be contrary to public policy. *See Young v. Nev. Gaming Control Bd.*, 136 Nev. 584, 586, 473 P.3d 1034, 1036 (2020) (recognizing that this court interprets statutes by their plain meaning unless there is ambiguity, the plain meaning would provide an absurd result, or the plain meaning clearly was not intended). In this, appellant contends that child-custody and child-guardianship statutes, such as NRS 159A.061 (providing that when considering whom to appoint as a child's guardian, a court should give preference to a suitable parent), evince a preference that a suitable parent should be given custody over a fit nonparent. From there, appellant appears to contend that public policy is served by construing "consented to the guardianship" to mean "consented to a guardianship" because, when a parent recognizes that a guardianship is necessary, the parent is recognizing his or her temporary inability to look after a child and, in so doing, is actually being a suitable parent. *Cf. Hudson v. Jones*, 122 Nev. 708, 712, 138 P.3d 429, 431-32 (2006) ("[W]e do 'not want to discourage parents from willingly granting temporary guardianships, while working through problems in their own lives, if that is in the child's best interest.'" (quoting *Litz v. Bennum*, 111 Nev. 35, 38, 888 P.2d 438, 440 (1995))). Thus, so long as a parent has consented to a guardianship,

appellant contends the parent should not be required to satisfy NRS 159A.1915(1)'s second requirement.

We are not persuaded by appellant's argument. When respondents petitioned for guardianship, the girls had been living with them for roughly half a year, evidently because their grandfather had no longer been able to care for them due to his health issues. In response to their petition, appellant requested the girls' grandfather be appointed as guardian, but did not agree to the appointment of respondents as the guardians. The district court concluded the grandfather was not the most suitable guardian for the girls and granted the respondents' petition, despite the fact appellant had not agreed to their appointment. Thus, under the facts of this case, we are not persuaded that applying NRS 159A.1915 by its plain language would be contrary to any identifiable public policy concern or legislative intent.[1] Accordingly, we agree with the district court that appellant did not consent to the initially imposed guardianship, such that in order to terminate it, appellant needed to satisfy both requirements in NRS 159A.1915(1).[2]

---

[1]NRS 159A.1915 was enacted in 2017 as part of an overhaul of the guardianship statutes. *See* 2017 Stat. Nev., ch. 172, digest, at 813; *see also* Hearing on A.B. 319 Before the Assembly Judiciary Comm., 79th Leg., at 16 (Nev., April 10, 2017) (testimony from Family Court Judge Egan Walker explaining that the committee that drafted A.B. 319 undertook a "giant task" of drafting NRS Chapter 159A to deal specifically with guardianships for minors). There is no discussion in the legislative history for A.B. 319 regarding the specific intent behind NRS 159A.1915, and our research has not revealed whether the Legislature adopted NRS 159A.1915's text from another state's analogous statute.

[2]We reiterate that an unpublished disposition from this court, while persuasive, *see* NRAP 36(c)(3), does not establish binding precedent. We

Appellant next contends that even if she were obligated to satisfy NRS 159A.1915(1)'s second requirement, the district court erred in finding that she failed to do so. Appellant's second argument implicates the district court's factual findings, to which we generally give deference. *See Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) ("The district court's factual findings... are given deference and will be upheld if not clearly erroneous and if supported by substantial evidence."); *see also In re Guardianship of L.S. & H.S.*, 120 Nev. 157, 163, 87 P.3d 521, 525 (2004) ("Absent a showing of abuse, we will not disturb the district court's exercise of discretion concerning guardianship determinations.").

We are not persuaded that the district court abused its discretion in declining to terminate the guardianship. The district court found that the girls had been living with respondents "for a substantial amount of time" and that respondents had enrolled the girls in school and had ensured that the girls were receiving other services related to their wellbeing. The district court also considered appellant's proffered evidence in support of terminating the guardianship, which consisted of an apartment lease, paystubs, and pictures of appellant and the girls, and determined that this evidence did not establish that the girls' welfare would be substantially enhanced by terminating the guardianship and placing them in appellant's care. Based on this record, we are not persuaded that the district court abused its discretion or clearly erred in finding that

---

also note that portions of NRS 159A.1915 may present due process concerns, although none of those concerns have been articulated in this case.

appellant failed to satisfy NRS 159A.1915(1)'s second requirement by clear and convincing evidence.[3]

Relatedly and alternatively, appellant contends that the district court should have held an evidentiary hearing. In this, appellant likens her petition to terminate the guardianship to a request to modify a child custody order. Under that scenario, she contends that she demonstrated "adequate cause" for an evidentiary hearing. *See Arcella v. Arcella*, 133 Nev. 868, 871, 407 P.3d 341, 345 (2017) (holding that a district court must hold an evidentiary hearing "on a request to modify custodial orders" if the party requesting the hearing demonstrates "adequate cause"). To the extent that *Arcella*'s "adequate cause" standard applies to the underlying proceeding, we are not persuaded that appellant satisfied it, given that she did not and has not explained what evidence or whose

---

[3]For the first time on appeal, appellant cites *In re A.S.*, No. 73876, 2018 WL 5291457 (Nev. Oct. 18, 2018) (Order of Reversal and Remand), for the proposition that the district court should have applied the parental-preference presumption in deciding whether to terminate the guardianship. We are not persuaded under the facts of this case. First, the *In re A.S.* decision is distinguishable, in that this court determined the presumption should apply because the parent initially *consented* to the guardianship. 2018 WL 5291457 at *1. Second, appellant made only a passing reference to the parental-preference presumption in district court when she filed an "amended" petition to terminate the guardianship, which was filed after the district court had orally denied her original petition. In its written judgment, the district court treated this "amended" petition as a motion for reconsideration and denied it. Given the lack of attention devoted to the parental-preference presumption in appellant's amended petition/motion for reconsideration, we are not persuaded that the district court abused its discretion by not expressly addressing the presumption in its written judgment. *See AA Primo Builders v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (reviewing for an abuse of discretion the district court's denial of a motion for reconsideration).

SUPREME COURT
OF
NEVADA

(O) 1947A

testimony she wanted to introduce at the evidentiary hearing. Accordingly, we conclude that the district court did not commit reversible error in declining to hold an evidentiary hearing and, relatedly, that the district court was within its discretion in finding that appellant failed to show by clear and convincing evidence that the girls' welfare would be substantially enhanced by terminating the guardianship. *In re Guardianship of L.S. & H.S.*, 120 Nev. at 163, 87 P.3d at 525 ("Absent a showing of abuse, we will not disturb the district court's exercise of discretion concerning guardianship determinations."). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Linda Marquis, District Judge, Family Court Division
Morris Law Center
Jermia Coaxum-Green
Montrail Green
Eighth District Court Clerk